UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARBARA A. REED, individually and as Mother and
Natural Guardian of K.H. (age 9),

       Plaintiff,

 -against-

THE CITY OF NEW YORK, POLICE OFFICER
GEDEON DIEUDONNE (Shield 203) and JOHN
DOES 1-5,

       Defendants.
------------------------------------------------------------X

10 CV 3215 (LTS)

**REDACTED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff **BARBARA A. REED**, individually and as Mother and Natural Guardian of **K.H. (age 9)**, by her attorney, Joel Berger, Esq., for her redacted complaint pursuant to the Court's Order of April 26, 2010, alleges, upon information and belief, as follows:

## *NATURE OF THE ACTION*

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest and false imprisonment, by employees of the New York City Police Department (NYPD), *under circumstances so blatantly illegal that the prosecutor's Declination of Prosecution Report reflects that the police necessarily lied in the arrest report.*

## *JURISDICTION AND VENUE*

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), in that the business residence of defendant City of New York lies within this District.

### *PENDENT JURISDICTION*

5.  This Court also has jurisdiction over plaintiffs' state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6.  On March 3, 2010, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7.  At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8.  This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

### *JURY DEMAND*

9.  Plaintiffs demand trial by jury in this action.

### *PARTIES*

10. Plaintiffs Barbara R. Reed, age 48, is a citizen of the United States and a resident of New York State. She has lived at the same address without incident for 12 years. She is employed and has no criminal record. She is the mother and natural guardian of K.H. (age 9).

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. At all times relevant herein, defendant Gedeon Dieudonne, Shield 203, was a police officer employed by the NYPD, assigned to the 94th Precinct (a Brooklyn North command, located at

100 Meserole Avenue, Brooklyn, NY 11222).

13. At all times relevant herein, defendants John Does 1-5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names, shield and Tax ID number of defendants John Does 1-5.

14. At all times relevant herein, defendants Dieudonne and John Does 1-5 were acting as agents, servants and employees of defendant City of New York and the NYPD.

15. At all times relevant herein, all defendants were all acting under color of state law.

## *FACTS*

16. On Friday, January 15, 2010, at plaintiff's dwelling, 290 Frost St., # 3A, Brooklyn, NY 11222 (the Cooper Houses of the NYC Housing Authority (NYCHA)), defendant Dieudonne and other officers of the NYPD including John Does 1-5, kicked in the door of plaintiff's dwelling without first knocking or announcing their presence, severely frightening Ms. Reed and her 9 year-old daughter K.H.

17. If the police had a search warrant, it was issued upon the basis of extremely unreliable information, the unreliability of which was withheld from the issuing magistrate.

18. If the police had a search warrant, they did not follow NYPD policy and procedures instituted after the death of Ms. Alberta Spruill in Harlem in May 2003 to ensure the reliability of the confidential informant (CI) and the CI's information before obtaining and executing the warrant.

19. The only drugs allegedly found inside Ms. Reed's apartment were in the jacket pocket of a visitor to the apartment, an individual who did not even live there.

20. The visitor's jacket, allegedly containing four "twists" of crack cocaine (misdemeanor

quantity), was lying in a bedroom different from Ms. Reed's bedroom.

21. The bedroom in which the visitor's jacket was found was the back bedroom of the apartment, used by Ms. Reed's older daughter, 17 year-old Keiana Hopkins.

22. The jacket in the back bedroom belonged to an individual named Jamel Pringle, who was visiting Ms. Hopkins. Both he and Ms. Hopkins were in Ms. Hopkins's bedroom, the back bedroom, at the time of the raid.

23. The police also allegedly found an ordinary household scale in a drawer in the back bedroom and innocuous sums U.S. currency in that bedroom, some of it ($200) in a closet in that bedroom and some of it ($260) in a different jacket in that bedroom.

24. The police also allegedly found two other ordinary household scales in the apartment, but these were not in plain view and were in a common area, a hallway closet.

25. Barbara Reed was not in Keiana Hopkins's bedroom at the time of the raid

26. The police arrested Ms. Hopkins and Mr. Pringle.

27. Despite the fact that no contraband was found on Ms. Reed's person or in her bedroom, or even within her plain view or in proximity to her, the police arbitrarily and without probable cause chose to arrest Ms. Reed as well.

28. Nine year-old K.H., Ms. Reed's daughter, was hysterical at the sight of her mother being taken away in handcuffs. The raid on the apartment was upsetting to begin with, but its consequences for Kiarah could have been mitigated by her mother comforting her after the police had departed. Instead, she had to spend the next many hours with a neighbor, in terror, worrying when -- and if -- her mother would return.

29. K.H. was traumatized by her mother's arrest and continues to experience emotional pain and suffering as a result.

30. Ms. Reed was taken to a police precinct, where the police wrote up spurious charges accusing her of (i) criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and (ii) criminally using drug paraphernalia in the second degree (Penal Law § 220.50 (3)), both Class A misdemeanors. She was then taken to Brooklyn Central Booking.

31. Defendant Dieudonne was the arresting officer.

32. However, after Barbara Reed had been imprisoned for approximately 21 hours, the Brooklyn District Attorney's Office declined prosecution.

33. Plaintiff was released from Brooklyn Central Booking at approximately 2:30 A.M. on Saturday, January 16, 2010.

34. The Kings County District Attorney's Declined Prosecution Report establishes on its face that the police lied in making up charges to justify the arrest of Ms. Reed. The Report states explicitly:

> DEF WAS NOT PRESENT INSIDE THE ROOM WHERE CRACK COCAINE TWISTS WERE RECOVERED. INSUFFICIENT EVIDENCE TO PROVE THAT DEF HAD THE KNOWLEDGE OF OR DEF WAS IN POSSESSION OF SAID CRACK COCAINE

35. The police wrote a false version of the facts in the arrest report, and then admitted to the Prosecutor's office that what they had written in the arrest report as to Barbara reed was untrue. Barbara Reed never possessed any controlled substance or any drug paraphernalia, and the police knew that she never possessed any.

5

36. The police just decided to arrest all adults in the apartment, regardless of the evidence.

37. A copy of the Declination of Prosecution Report is annexed hereto. The arrest number listed on the Declined Prosecution report is K10604749, and the Report is signed by Kings County Assistant District Attorney Syed Junaid Qamer.

38. The description of the contraband recovered, the locations where it was recovered, and the locations of plaintiff, Hopkins and Pringle at the time it was recovered, set forth in ¶¶ 19-25, above, are derived explicitly in the Declined Prosecution Report annexed hereto.

39. Defendant Dieudonne knew, as experienced narcotics officers, that there could be no plausible claim of constructive possession because New York law is clear that constructive possession requires that the drugs be in "open view" and that the arrested person be "in close proximity" to them. Penal Law § 220.25 (2).

40. The NYPD has a uniform citywide policy and practice of arresting all adults in a raided apartment if any individual present at the time of the raid is in possession of any contraband, even if that individual is a visitor and the contraband is in a pocket. Even if there are individuals in the apartment who did not possess any contraband and were not in close proximity to any, and even where there was no contraband in plain view, the NYPD uniformly arrests all adults in the apartment.

41. The uniform policy and practice alleged in ¶ 40, above, is especially prevalent in NYCHA buildings, and leads to eviction notices and hearings against arrested leaseholders accusing them of being undesirable tenants, even where prosecution was declined or the charges were dismissed. The NYPD actively participates in such NYCHA proceedings.

### *FIRST CLAIM FOR RELIEF*

42. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-41.

43. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article 1, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *SECOND CLAIM FOR RELIEF*

44. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-41 and 43.

45. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers.

46. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

47. The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-30, 32 and 33-34 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *THIRD CLAIM FOR RELIEF*

48. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-41, 43, and 45-47.

49. The conduct toward plaintiff alleged herein constituted false arrest, false

imprisonment, the intentional, willful and malicious infliction of severe physical, mental and emotional distress, and employee negligence.

50. The conduct toward plaintiff alleged herein subjected her to trauma, shock, debasement, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

## *FOURTH CLAIM FOR RELIEF*

51. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-41, 43, 45-47, and 49-50.

52. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

## *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 26, 2010

*[signature]*

JOEL BERGER
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-4911

**ATTORNEY FOR PLAINTIFF**



OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

**CHARLES J. HYNES**
*District Attorney*

# DECLINED PROSECUTION

Declined date: **January 15, 2010**

Arrest Number: **K10604749**

| Defendant: | **REER, BARBARA** |
|---|---|
| DOB: | 11/25/61 |
| Address: | 290  FROST STREET, BROOKLYN, NY |

**Arrest:** 01/15/10 07:15                                                                             PCT of arrest: **094**
Arresting officer: **GEDEON DIEUDONNE, TAX ID:** ███████, Shield: **203**, CMD: **094**
Arrest Charges: PL 2200300  PL 2205003

**Occurrence:** 01/15/10 7:15                                                                      PCT of occurrence: **094**
Location:   **290 FROST STREET APT 3A**

## STATEMENT OF FACTS

THE ABOVE LOCATION IS A NYCHA APT 3A.

THE ABOVE LOCATION IS TAWO BEDROOM APT.
THE ENTRANCE LEADS INTO A LITTLE HALLWAY. THE KITCHEN IS TO THE RIGHT. LIVING ROOM IS THE LEFT SIDE.
TWO BEDROOMS ARE TO THE RIGHT SIDE OF THE HALLWAY.

AT TPO-----DURING THE EXECUTION OF A SEARCH WARRANT, A/O ENTERED THE ABOVE LOCATION. DEF REER WAS IN THE FIRST BEDROOM.  DEF HOPKINS AND DEF PRINGLE WERE IN THE BACK SECOND BEDROOM.

A/O RECOVERED 4 TWIST OF CRACK COCAINE FROM A GRAY JACKET POCKET LYING ON THE COUCH ON THE 2ND BACK BEDROOM.

A/O RECOVERED  2 SCALES FROM THE HALLWAY CLOSET.
A/O ALSO  RECOVERED ONE ADDITIONAL  SCALE FROM THE BACK BEDROOM DRAWER.

A/O RECOVERED $200 USC FROM  2ND BACK BEDROOM CLOSET.
A/O RECOVERED $265 USC FROM RED/BLACK JACKET FROM  THE 2ND BACK BEDROOM.

**Reason for declined prosecution:**
Insufficient Evidence to Prosecute

**Details:**
DEF WAS NOT PRESENT INSIDE THE ROOM  WHERE CRACK COCAINE TWISTS WERE RECOVERED. INSUFFICIENT EVIDENCE TO PROVE THAT DEF HAD THE KNOWLEDGE OF  OR DEF WAS IN POSSESSION OF SAID CRACK COCAINE.

**Efforts made to reach witness:**

**Instructions to arresting officer:**
RELEASE THE DEF IF DEF DID NOT  HAVE ANY  HOLDS OR WARRANTS.

This instrument will remain on file as part of the record of the Office of the District Attorney of Kings county.
Before re-arrest, please contact the Complaint Room Deputy on duty at (718) 250-3500.                                                      DA Copy



**OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY**

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

CHARLES J. HYNES
*District Attorney*

# DECLINED PROSECUTION

Declined date: **January 15, 2010**

Signature: _____

By Assistant District Attorney: screener   Syed Junaid Qamer

---

This instrument will remain on file as part of the record of the Office of the District Attorney of Kings county.
Before re-arrest, please contact the Complaint Room Deputy on duty at (718) 250-3500.             **DA Copy**

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BARBARA A. REED, individually and as Mother and
Natural Guardian of K.H. (age 9),

                      Plaintiff,

       -against-

THE CITY OF NEW YORK, POLICE OFFICER
GEDEON DIEUDONNE (Shield 203), and JOHN
DOES 1-5,

                    Defendants.
------------------------------------------------------------------X

10 CV 3215 (LTS)

*REDACTED COMPLAINT*

JOEL BERGER
360 LEXINGTON AVE., 16th Fl.
NEW YORK, NY 10017-6502
(212) 687-4911

**ATTORNEY FOR PLAINTIFF**